JOHN BOSTICK, JR., TRUSTEE, A. T. BYERS TRUST, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68382. Promulgated August 7, 1934.

*W. M. Short, Esq.*, and *F. W. Skiles, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, and *R. B. Cannon, Esq.*, for the respondent.

#### OPINION.

ADAMS: The respondent determined a deficiency in income tax against the petitioner for the year 1930 in the amount of $412.68. It is alleged that the respondent erred (a) in including in the income of petitioner the amount paid Ida H. Byers during the taxable year; (b) in capitalizing the commissions and attorney fees paid in securing a 99-year lease on property owned by the trust. No evidence was offered on this latter issue and the action of the respondent must be affirmed thereon. The case was submitted on oral evidence and a stipulation of facts.

A. T. Byers died in Tarrant County, Texas, on the 30th day of January 1925, leaving a written will of date July 12, 1923, which will was thereafter, on or about March 1925, duly admitted to probate in the Probate Court of Tarrant County, Texas. A true copy of the will is in evidence and included herein by reference.

Under the terms of the will A. T. Byers apparently *attempted* to dispose of the entire interest of both himself and wife in and to all property owned by them in community at the date of his death, including particularly that certain property known and described as lots 1 and 2 in block 109 in the city of Fort Worth, Tarrant County, Texas; also all the vendor's lien notes remaining unpaid at the time of his death, originally executed by P. L. Levy and assumed by the United Amusement Co., originally payable to the Byers Opera Co., and having been executed in part payment of the purchase price of the property known as the Byers Opera House. All property owned by A. T. Byers and his wife at January 30, 1925, was community property as defined by the laws of the State of Texas.

The will of A. T. Byers provided that the income from the trust estate should be distributed monthly as follows:

To my daughter, Gertrude Richardson, the sum of Two Hundred and Fifty ($250.00) dollars per month; to my granddaughter, Mary Elizabeth Richardson, the sum of One Hundred and Fifty ($150.00) dollars per month, and to my granddaughter, Mary Jane Joyslyn, the sum of One Hundred and Fifty ($150.00) dollars per month; the balance of such net income to be paid by my said Trustee to my wife, Ida H. Byers, in monthly installments.

The will further provided:

It is my will and desire that all other of my property than that above named, both real and personal, that I may die seized and possessed of, after the payment of all my just debts, together with all the expenses incident to the probating of his will, shall pass to and vest in fee simple in my beloved wife, Ida H. Byers; and, after the payment of all my just debts, I give, bequeath and demise unto my beloved wife, Ida H. Byers, the remainder of all other property that I may now own or be interested in at the time of my death in fee simple, to manage, sell or dispose of as she may wish or see proper.

At the time of the death of A. T. Byers, deceased, the net value of the entire community estate of himself and wife was not less than the sum of $268,328.02, of which the value of the property bequeathed to John Bostick, Jr., was not less than $180,000.

Upon the probate of the will of A. T. Byers, Ida H. Byers accepted all the benefits given her thereunder, and has continued to accept such benefits to the present time.

On the 27th day of June 1925, Ida H. Byers, widow of A. T. Byers, executed and delivered to John Bostick, Jr., trustee, an instrument in writing relating to lots 1 and 2, block 109, in the city of Fort Worth, Texas, a true copy of which instrument is in evidence and included herein by reference. The conditions set out in this instrument were substantially the same as those set out in the will of A. T. Byers as to the trust property. This instrument recited in part as follows:

Whereas, the property above described was a portion of the community estate of my said husband and myself, and it is my desire that my interest in the community property above described shall pass to said trust estate, subject to the conditions hereinafter stated;

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

and provided further that one-half of the entire net income from the property hereby conveyed to said trustee, shall be paid to me monthly by said trustee, hereby retaining for my use and benefit one-half of the income of the community property of myself and late husband, as above described, and also reserving to myself and not waiving the benefits accruing to me under the will of my said husband.

In the taxable year 1930 John Bostick, Jr., trustee, petitioner herein, received net revenues in the amount of $20,202.83 from the property described as lots 1 and 2, block 109, Fort Worth, Texas, and from that certain vendor's lien note or notes originally executed by P. L. Levy, out of which revenues the sum of $6,600 was within the taxable year 1930 distributed to the daughter and granddaughters of A. T. Byers, deceased, pursuant to the terms of the testamentary trust created by the will of the decedent, and the sum of $13,602.83 was within the same year paid over to Ida H. Byers.

Since the death of A. T. Byers the total distributions or payments made by John Bostick, Jr., trustee, to Ida H. Byers have not exceeded the aggregate sum of $30,702.45.

We are not impressed with petitioner's argument that Ida H. Byers did not elect to take under her husband's will. The facts in the record are, we think, opposed to that conclusion. The will gave Mrs. Byers something more than she would have had but for it. She not only had the residuary estate, but received more than one half the net income from the trust estate. Under such circumstances she was put to an election. She could not accept the will in part and reject it in part. One who accepts a devise or bequest under a will must adopt the whole instrument in so far as he is concerned. *Parker* v. *De-Miranda*, 146 S.W. 211; *Slavin* v. *Greever*, 209 S.W. 479. The fact that she executed an instrument purporting to convey to the trustee her one half interest in the community property constituting the trust estate is not inconsistent with her election to take under the will. Since one half of the property belonged to her, it became necessary for her, in order to comply with the terms of the will, to give the trustee title to her property. The conditions recited in the instrument were substantially identical with those recited in her husband's will. We think she elected to take under the will. Cf. *Lee* v. *McFarland*, 46 S.W. 281; *Farmer* v. *Zinn* (Tex. Cir. App.), 261 S.W. 1073; *Caddell* v. *Lufkin Land & Lumber Co.* (Tex. Cir. App.), 234 S.W. 138.

Thereafter the provisions of the will were carried out as to her. During the taxable year she received in monthly installments from

the trustee, the petitioner here, not the income from her one half of the community property, but the balance of the net income from the trust estate after the specific bequests to the other beneficiaries had been paid.

The Commissioner ruled that the amount thus paid to the widow was a return of capital to her and was taxable to the trustee under the reasoning in *Warner* v. *Walsh*, 15 Fed. (2d) 367 and related cases.

Since the hearing in this proceeding the Supreme Court, in *Helvering* v. *Butterworth*, 290 U.S. 365, rejected the reasoning in *Warner* v. *Walsh*, *supra*, and held that a widow who accepts the provisions of her husband's will, and receives a part of the income from an established trust in lieu of her statutory rights, is a beneficiary within the ambit of the statute. In its opinion, the Court said:

\* \* \* It is unnecessary to discuss her rights or position under other circumstances. We are dealing with a tax statute and seeking to determine the will of Congress.

When she makes her election the widow decides to accept the benefits of the will with the accompanying rights and liabilities. In no proper sense does she purchase an annuity. \* \* \*

We think this issue is controlled by the *Butterworth* case, *supra*, and that the petitioner is entitled to credit for the income paid to the widow during the taxable year.

*Decision will be entered under Rule 50.*