N. N. CONN, GUARDIAN, ETC., v. R. M. DAVIS AND OTHERS.

1. A will purporting to make plenary disposition of community real estate can operate only upon the half interest belonging to the testator, and cannot affect the interest of the other conjugal partner.

2. By the law of forced heirship, in force in Texas until repealed on the twenty-fourth of January, 1856, (Paschal's Digest, Art. 3868.) a father could not, by last will and testament, alienate from his children more than one-fourth of his estate.

3. See the opinion in this case for an application of the foregoing principles in a case of partition.

ERROR from Gonzales.  Tried below before the Hon. J. J. Holt.

The opinion of the court states the material facts.

· *Parker & Miller*, for plaintiff in error.—Under the will of Clements, the children named in the will as heirs of the homestead league, took each an estate in fee simple in his own share, (Lippett v. Hopkins, 1 Gallison's R., 454; Cassell v. Cook, 8 Serg. & Rawle, 268; 9 Serg. & Rawle, 434,) subject to a defeasance on the happening of a condition subsequent.  (See cases above cited.)

At the time the defeasance occurred, (in 1861,) by the common law rules of construction, only those of the children of Clements who were then alive could take shares in the lapsed estate, (2 Jarman on Wills, pages 455 and 456,) unless the word children be construed to mean grandchildren also, as is frequently the case. (1 Dessausuer, R. 499; 2 Dessausuer, 303, 123; 1 Edwards R., 174, 354; 23 Wendell, 522; 1 Bailey Eq., 7; 2 Wharton, 376; 7 Paige, 328; 9 Dana, 1; 5 Binney, 601.)  But Laura J. Conn, being dead at the date of the defeasance, could inherit no interest under the laws in force, (O. & W. Digest, Art. 345,) and her share would either go to her brothers who survived her, or to her

children surviving her; and in either case Davis could take no interest under his deed.

But if Laura J. Conn had lived until the present time, Davis could only claim under his deed her direct interest in her father's estate. The deed from Conn and wife to Davis is in the past tense, when it refers to the interest to be conveyed, and the provisions for future titles acquired were simply intended to prevent any cavil on account of the estate being then undivided, and the probability that the will would be annulled and set aside by suits at law, by the minors or the children in Ohio. Courts will not construe such a deed to convey an indirect interest, inherited from the shares of her brothers, by their dying without issue or before arriving at the age of twenty-one. · (Wright v. Shaw, 5 Cushing R., 56; 3 Md. R., 505; 1 Grattan, 302; 14 N. H., 215.)

It is scarcely possible to place any construction on the will and deed that would give title to Davis; but it becomes impossible when we refer it for construction to the law in force when the will was executed, which is the true rule of construction. (Harrison v. Nixon, 9 Peters, 483; 3 Peters, 446; 1 Gallison, 454.)

Under the act of 1810, which was in force in 1844, when the will was executed and when Clements died, his children were forced heirs to his estate, except one-fourth. (Hagerty v. Hagerty, 12 Tex. R., 456; 13 Tex. R., 94; Hartley's Dig., Arts. 3263 and 3264.)

Under the term children, descendants of children were included. (H. Dig., Art. 3264.) And hence the testator must have intended to include descendants of children, under the term " children." (9 Peters, 483, and cases cited.)

To give any other construction to the will would be to render it void and contrary to law.

The intention of the testator, Clements, seems to us to be that the homestead league should be preserved to his children in Texas, and their descendants, to the exclusion of his children in Ohio.

This is the reasonable construction of the language used, and will, so far as the children in Texas are concerned, make the will a valid one, and consistent with law.

*Mills & Tevis*, for the defendants in error.—The will was never questioned, but acquiesced in.

We think the wife and children took an estate in the nature of a tenancy in common with unity of possession and enjoyment, with an eventual right to partition dependant on the majority of the youngest child.

We think the children took an estate, as to each other, in the nature of a joint tenancy, with a condition subsequent annexed, to-wit: if they, or provided they, arrive at the age of twenty-one; and if they die before that event, then the estate of the one so dying passes to the survivors by the limitation over. Though an estate passes by will to the children, still it is subject to be defeated by the subsequent condition annexed. (4 Kent's Com., marg., 126.)

This limitation over, in the event of one dying before majority, giving an estate by survivorship, is unaffected by our statute of 1848, since the will took effect in 1844. The intention was to carry the subject of the devise to the objects who are living at the period of distribution.

Supposing this to be a rigid construction of the will, the defeasable estates of Isaac B. and J. D. Clements, Jr., would pass, by the limitation over, to Mrs. Conn, A. N. Clements and A. D. Clements, but not to the mother.

Mrs. Conn does not inherit any interest from the estates of her deceased brothers, but she takes an interest in their defeasable estates by purchase, to-wit: by the limitation over, in the will, to the survivors of those dying before majority. Therefore, Mrs. Conn derives her interest in her deceased brother's defeasable estate, not by inheritance from them, but from the limitations in her father's will, and her deed to Davis would pass the interest she derived by and from their death before majority.

This would be the result if Mrs. Conn was living at the death of her deceased brothers; but she died in 1858, leaving children, the plaintiffs in error.

Where do the defeasable estates of Isaac B. and J. D. Clements, Jr., go at their death before majority? To the children or descendants of a deceased brother or sister, or mother? or, in other words, to Mrs. Conn's children and their uncles, A. N. and A. D. Clements? Not at all; for the testator declares, in the event of any so dying, "their interest or share of said land is to go to the remaining children in equal proportion;" that is, to A. N. and A. D. Clements, then and now living. They, and they alone, take the defeated estates of their deceased brothers. (See 2 Jarman on Wills, marg., 610, 611, 612, for cases in point.)

There was no inheritable estate in the deceased brothers, dying before majority; and as the record does not show which of the two died last on the same day, we must pass a question which might arise if it was known.

Mrs. Conn's children (the plaintiffs in error) can claim nothing by descent from their deceased uncles' estate in the land, for they had none in the land which was descendible, because they died before their majority.

Clements' will alone fixes the mode of taking the land and names the persons who are to take, and the time. Our statute of wills makes no provision for, nor has it any application to the case; children, under the statute, may mean grandchildren, where the "children" are named; Mrs. Conn is not named; the surviving children only are named.

In this view, the plaintiffs in error have no claim whatever to any interest in the land as heirs of their deceased uncles, and they cannot reverse the judgment below.

LINDSAY, J.—The correct determination of this case is dependent upon the proper construction of a will and a deed; which must

be done by the well established rules of construction, in connection with the statutes of the State, to arrive at a just conclusion as to the true import and legal effect of each of these instruments in settling the rights of these parties.

In 1844, J. D. Clements departed this life, after having first made and published his last will and testament, in which is the following clause:

" I will and bequeath to my wife, Rachel Clements, and my daughter, Laura Jane Clements, and my two sons, Alexander and Isaac Baker Clements, my plantation on which I now live, known as league No. —, lying on the Guadalupe river, about twelve miles above the town of Gonzales, on the east side of said river ; that is to say, all that portion of said league which lies west of a creek which runs near the east line of said league, and the first creek west of John King, be the same more or less ; which land is to be kept by my said wife for the purpose of rearing and educating my said children. And further, my wife is now pregnant, and from the course of nature must soon bring forth another child ; should that be the case, that child, if living, is to be entitled to an equal support and equal share in the before described property when my youngest child becomes of age ; that is to say, twenty-one years old ; then, and in that case, the before described land is to be equally divided between my said wife and the aforesaid children. But should any of my aforesaid children die before they arrive at the age of twenty-one, their interest or share of said land is to go to the remaining children in equal proportions, to-wit : my children hereinbefore described." ·

After the making of the will, the wife gave birth to two other sons, Isaac B. and Joseph Clements, who both died in 1861, before they had attained their majority, unmarried and childless. The daughter, Laura Jane, intermarried with Napoleon N. Conn, and with her husband, united in a deed of conveyance, in 1851, of all her interest, right, title and claim in the land devised by

the will of her father, or which she derived by descent, as heir of her deceased father, to R. M. Davis, one of the defendants in error; and she died in the year 1858, leaving two infant daughters, who are the plaintiffs in error. Their father, as their guardian, was holding the land for them when this suit was instituted for possession and for partition. The defendant, R. M. Davis, insists that by virtue of his purchase and deed of conveyance from the mother, he is entitled to the interest in the lapsed legacies of the two deceased brothers of the mother. And this is the subject in controversy between the infant children of Laura Jane Conn and the purchaser of her interest in the league, the defendant, R. M. Davis.

The first question which presents itself for the consideration of the court is, as to the extent of the power of disposition by the testator over the property which he undertook to devise by his last will and testament. Under the laws of the Republic of Texas, as in force at the time of his death, could the father make such a devise of the estate? The plantation mentioned in the quoted clause of the will was the community property of himself and wife, and the husband consequently had no power of disposition over one moiety of it, by last will and testament. The wife survived the testator, and one moiety of it was hers by the law of community, or marital rights. The will was inoperative as to her moiety of the land. Then, under the law, as it existed at the death of the testator in 1844, three-fourths of the moiety of the father vested, by operation of the law of forced heirship, in his children. Upon his death, his five children, the daughter, Laura Jane, the mother of the plaintiffs in error, and her four brothers, took an estate in the property, by operation of law, which the father could not change or vary, by any testamentary devise. The will was therefore wholly inoperative upon that portion of the estate. The law of forced heirship was not repealed till the twenty-fourth of January, 1856. (See Article

3868, Paschal's Dig.)    Then, Laura Jane Conn took, by descent
or inheritance from her father, by the law of forced heirship, one-
fifth of three-fourths of one moiety of the plantation, and one-
sixth of one-fourth of that moiety, by devise under her father's
will; there being five children and the mother living at the
death of the testator; and she having attained the age of twenty-
one years before her death, the limited contingency fixed in the
will for the investiture of her interest in the devisable portion of
the estate had happened, and the right had become absolute.
Laura Jane having died before her two brothers, she was not one
of *the remaining children* to claim under the executory devise, by
her survivorship.    The only interest, therefore, which she ever
had in the estate, as derived through her father, and which she
could convey, as coming by descent or inheritance, by devise or
purchase, (in the terms of the deed,) from her father, was twenty-
three-two-hundred-and-fortieths part, (23-240) of his moiety of the
plantation, attempted to be devised by him; which for practical
purposes is but a modicum less one-tenth of the entire moiety.

The deed purports to convey only such portion of the estate as
Laura Jane derived by purchase, or devise, or descent, or inheri-
tance from her father.    Her interest in the other moiety of the
plantation she inherited from her mother, and by the most liberal
interpretation of the terms of the deed, they cannot be made by
any intendment to embrace the interest in the estate of her mother.
The purchaser, therefore, took by the deed the interest which
Laura Jane Conn had by forced heirship in the moiety of the
father, and the portion which was devised to her by his will in the
one-fourth of that moiety, which alone he could dispose of by
devise.    The judgment is therefore reversed and the cause re-
manded, with directions to the court below that, in making parti-
tion of the land among the different parties in interest, the claim
of the defendant in error, R. M. Davis, under the deed from Napo-
leon N. Conn, and his wife Laura Jane Conn, be allotted in conform-

XXXIII—14

ity with this opinion, giving him 23-240 parts of the land embraced in the plantation described and set forth in the will of J. D. Clements.

Ordered accordingly.