MARTHA SMITH v. MATHIAS BUTLER ET AL.

No. 7528.

1. **Pleadings and Evidence.**—Plaintiff sued for an undivided interest in two tracts of land, and for other relief against the owners of the other interest. As an exhibit to the petition was attached a copy of a will under which the defendants claimed. The defendants pleaded not guilty. Without objection, the will was admitted in evidence, with testimony tending to show that the devisee, widow of the testator, elected to take under the will. The will disposed of community property. The will and supporting evidence were relied upon to defeat the claim of the plaintiff. On appeal the question of the sufficiency of the answer to admit the will, etc., in evidence was raised. *Held*, no ground for reversal was shown.

2. **Construction of Will as Affecting Community Property.**— While the husband can not devise his wife's share in the community property, and his will should ordinarily be held to affect only his interest in the community, yet where by its terms the will disposes of particular tracts of land of the community, the widow will be put upon her election whether she will take under or against the will. If she elect to take under the will, the rights of her heirs will be determined by it so far as it took effect.

3. **Election Under Will.**—The principle of election is, that he who accepts a benefit under a will must adopt the whole contents of the instrument so far as it concerns him, conforming to its provisions and renouncing every right inconsistent with it.

4. **Same—Consideration.**—Some free disposable property must be given to the electing donee which can become compensation for what the testator sought to take away. See facts showing such consideration, and an election under the will.

5. **Same.**—After an election is made, the electing party, after acquiring the benefits of the will, can not change the rights of other parties under the will by word or act in hostility thereto.

APPEAL from Fannin. Tried below before Hon. E. D. McCLELLAN.

*Evans & Evans* and *Brown & Bliss*, for appellant.—1. In a suit by plaintiff for the partition of land, where no ouster, ejectment, or wrongful withholding is alleged; where defendants plead nothing except not guilty, a general denial, and limitation; where the uncontroverted facts, outside of the facts constituting an election by plaintiff's ancestor to take under a will, show plaintiff entitled to recover, and the only evidence

introduced by defendants is such as tends to show an election by plaintiff's ancestor through whom plaintiff claims to take under a will, there is no pleading nor evidence that will support a verdict and judgment in favor of defendants. Hall v. Jackson, 3 Texas, 305; Denison v. League, 16 Texas, 408; Harrison v. Nixon, 9 Pet., 438; Morrison v. Hart, 2 Bibb, 4; Paul v. Perez, 7 Texas, 344; Cherry v. Newby, 11 Texas, 457.

2. An election not having been pleaded by the defendants, evidence in support thereof, though admitted in the lower court without objection, will not be considered in support of the judgment.

3. The language of a will is always to be construed, if capable of such construction, as referring to the testator's own interest in community property, and not to that of any one else. Where a husband bequeaths property, real or personal, in general terms, such as, "I devise all of my personal property," etc., his will does not purport to trench upon the rights of his surviving wife. Carroll v. Carroll, 20 Texas, 743; Parker v. Parker, 10 Texas, 83; Moss v. Helsley, 60 Texas, 435; Philleo v. Holliday, 24 Texas, 45; Beach on Wills, secs. 156, 157; French v. Davies, 2 Ves., 572; Greatorex v. Casey, 6 Ves., 615; Bisp. Eq., sec. 303.

4. In order to constitute an election to take under a will, there must be something more than a mere intention of the wife to elect. There must be some decisive act on her part or intentional acquiescence by her in the acts of others that render it impossible for her to assert her legal title without prejudice to the rights of innocent persons. English v. English, 29 Am. Dec., 734, 735; Millihen v. Welliver, 37 Ohio St., 460; Ragsdale v. Parish, 74 Ind., 491.

*Richard B. Semple,* for appellees.—1. This suit is an action of trespass to try title to the land in controversy, and the defense of an estoppel by election was properly admitted on the trial of the case in the court below under the plea of not guilty. Johnson v. Bryan, 62 Texas, 623; Hays v. Railway, 62 Texas, 398.

2. The court did not err in construing the will of Ransom Butler to attempt to dispose of both his own and his wife's interest in the whole of their common property. Rogers v. Trevathan, 67 Texas, 406; Moss v. Helsley, 60 Texas, 426; Mayo v. Tudor's Heirs, 74 Texas, 471.

STAYTON, CHIEF JUSTICE.—Ransom Butler died testate, leaving a widow, two children, and one grandchild, and possessed only of community property.

The landed estate consisted of two tracts of land, each containing 160 acres, and upon one of these the family resided.

The homestead tract, together with all household and kitchen furniture, stock, farming implements, money, and claims on hand at the time of his death, less $5, was given to his wife, subject to the payment of his debts,

" to be disposed of or consumed as she may see proper during her natural life;" and the will further provided, that "after payment of all just debts due by her, I will and desire that the remainder of the personal property, money, and effects left by her be equally divided between my son Mathias Butler and my daughter Lucy Lucretia Pittman, share and share alike."

Subject to the rights conferred on the wife in the homestead tract, he devised that to his daughter and her children, and gave the other tract to his son.

He gave to his granddaughter the sum of $500, $5 of which was to be paid with the sum reserved in the bequest to his wife, and the balance to be paid by his son and daughter out of the parts of the estate given to them, each to pay one-half of the sum on contingencies mentioned in the will.

The wife of Ransom Butler subsequently died, leaving a will, which was never probated, by which she bequeathed all her personal estate to her daughter.

This suit was brought by the granddaughter, against the devisees in her grandfather's will, to recover an undivided one-sixth of each of the tracts of land, which she claims through inheritance from her grandmother, and also to recover the value of her interest in personal property claimed to belong to her grandmother's, estate which she alleged had been converted by the defendants.

She also sought partition of the land, and as the legacy given to her by the will of her grandfather was dependent for its payment on her marriage, which had not occurred, she sought a decision declaring the legacy a charge on the land devised to her uncle, aunt, and aunt's children, alleging as ground for such relief that the defendants had no property subject to execution, had declared their intention to dispose of the lands which she proved they received to some innocent purchaser, whereby she would become remedyless.

Defendants answered by general demurrer, special exception to so much of the petition as related to the legacy given to plaintiff by the will of her grandfather, pleaded not guilty, denied the averments of the petition, pleaded the statutes of limitation based on three, five, and ten years adverse possession, as well as limitation of two years against the claim for personal property alleged to have been converted.

All the exceptions to the petition were overruled, and upon trial upon the merits judgment was entered that plaintiff take nothing by her suit in so far as she sought partition, but a decree was entered declaring the lands charged with the legacy given to plaintiff by the will of her grandfather.

At the time of the death of Mrs. Butler there only remained of the personal property on hand at the death of her husband property valued at $210, and she left other personal property valued at $215.

Of the personal property on hand at the death of Ransom Butler, that exempt from forced sale was of the value of $570, and that not exempt was of the value of $270.

During the trial, evidence was introduced, without objection, tending to show that Mrs. Butler elected to take under the will of her husband, and it is now insisted that such evidence was not admissible under the pleadings.

The petition alleged ownership of a part of the real and personal property in the plaintiff, and while it did not allege in terms that defendants asserted a hostile claim, such is the inference to be drawn from the averments made, for relief was sought against a threatened injury, which could only result from the exercise of a hostile claim of right.

A copy of the will of Ransom Butler was made a part of the petition, and thus the extent, origin, and hostility of the claim of defendants further shown.

To the assertion of right in plaintiff, a general denial was pleaded, as well as the plea of "not guilty," and we are of opinion that these were sufficient, in view of the pleadings of plaintiff, to authorize the introduction of evidence by defendants to show that plaintiff had not such right as was asserted in her petition.

She asserted title in herself, and the evidence introduced tended to show that she had not such right as she claimed. The evidence was not introduced in avoidance of an established right, but went to show that no such right ever existed in plaintiff as was claimed in her petition.

The propriety of admitting the evidence under the pleadings seems to have been conceded on the trial, for no objection whatever was made to its introduction, nor was its reception urged as a ground for a new trial.

Under such circumstances, the pleadings would have to be very clearly insufficient to raise an issue, before this court would feel authorized to reverse a judgment on the ground that evidence was introduced to maintain it.

It is urged, that "the verdict and the judgment are contrary to the law and evidence, because the said Ransom Butler, by his will, undertook to dispose of only his own interest in the community property, both real and personal, of himself and his wife, E. A. Butler, and did not undertake to dispose of her interest in any of said property, real or personal."

And further, that "the court erred in its charge to the jury in construing the said will of the said Ransom Butler, because it instructed the jury, in substance, that the said Ransom Butler undertook, by his said will, to dispose of both his own and his said wife E. A. Butler's interest in all the property, both real and personal, belonging to their community estate, whereas the said Butler, by the terms of his said will, never attempted to dispose of his said wife's interest in the personal property, but only his own."

There can be no doubt that the testator intended to dispose of the entire community right in the lands owned by himself and wife, for he gave one tract, describing it, in its entirety to his son; while he gave the other to his wife during her life, with the remainder in its entirety to his daughter and her children.

So much of the will as affected the personal property was as follows: "I give, devise, and bequeath to my beloved wife, Eliza Ann Butler, 160 acres of land, etc., together with all my household and kitchen furniture, stock of all kinds, and farming implements, together with all money, credits, and effects that may be on hand or due me at the time of my decease, to be used, managed, and controlled by her, and the proceeds arising therefrom to be disposed of or consumed as she may see proper during her natural life. At the time of her decease, after payment of all just debts due by her, I will and devise that the remainder of the personal property, money, and effects left by her be equally divided between my son Mathias Butler and my daughter Lucy Lucretia Pittman, share and share alike."

It is true, that if susceptible of such a construction, the language of a testator ought to be held to refer to his own interest in community property, rather than to the entire property owned in common by husband and wife.

It may be conceded, for the purposes of this case, that the bequest to the wife was intended to give to her during life, with absolute power of disposition, only his interest in the personal property referred to in the will; but this, with the devises of the land to the son and daughter, and her children, would present a case in which the wife was put to her election, for the wife would receive, if she took under the will, something she would not otherwise be entitled to, so far as the record shows, either by reason of her community right or as the surviving head of the family; and by the will the children of the testator would be deprived of some property to which they would have been entitled but for the will.

"The principle of election is, that he who accepts a benefit under a will must adopt the whole contents of the instrument, so far as it concerns him, conforming to its provis'ons and renouncing every right inconsistent with it." Philleo v. Holliday, 24 Texas, 45.

"Some free disposable property must be given to the electing donee which can become compensation for what the testator sought to take away." Bige. on Estop., 645.

The compensating thing, however, need not be equivalent in value of that taken from the person put upon his election.

It seems to be contended that Mrs. Butler was not put to her election, notwithstanding the interest of herself as well as that of her husband in the community lands was disposed of by the will, unless the testator also

intended to dispose of her interest in the personal property; but such a view can not be sustained.

In view, however, of the claims of the respective parties to so much of the personal property as was undisposed of by Mrs. Butler during her life, we deem it proper to say, that looking to the last paragraph of that part of the will having reference to the personal property, in connection with that which precedes, it seems to have been the intention of the testator to dispose of the residuum of the entire personal property remaining after payment of all debts due by the wife at the time of her decease.

It is contended, if Mrs. Butler was required to elect whether she would take under the will or in opposition to it, that a new trial should have been granted on the ground that the evidence did not show that she elected to take under the will.

Ransom Butler died on December 27, 1882, and his wife survived him about fourteen months; his will was probated in January, 1883; the wife received personal property in value exceeding $800 under the terms of the will, and at the time of her death the greater part of this had been disposed of; Mrs. Butler was advised soon after the death of her husband of her right to take her community interest in opposition to the will, and as to the extent of her community right; but she repeatedly insisted, even down to a short time prior to her death, that the will of her husband should be carried out. These declarations were made to the person made the executor of the will, and to the administrator of the estate subsequently appointed by the County Court. Mrs. Butler joined the other beneficiaries in the will in an application to the County Court to have the property of the estate turned over to them, and the court, on their executing the proper bond, caused the property to be delivered to them. This occurred nearly a year after the death of Ransom Butler.

In May, 1883, Mrs. Butler applied to have the homestead and exempt property set apart to her, and this was done; but the exempt personal property did not embrace all that she received under the will.

There was no act by Mrs. Butler showing clearly an intention not to be governed by the will, unless it was an attempt to bestow upon her daughter all the personal property on hand at the time of her death; but even as to this, the evidence does not make it clear that she had not given that property to her daughter sometime before her death.

If, however, such an attempt was made, this could not change the rights of the parties after facts had transpired that would constitute an election.

There was evidence sufficient to support the finding that Mrs. Butler had elected to take under the will of her husband, and the judgment will be affirmed.

*Affirmed.*

Delivered June 3, 1892.