J. G. Fernandez and Faustino Ceyanes, Independent Executors, Estate of Juan H. Fernandez, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 19184.    Promulgated April 11, 1929.

*James S. Graham, Esq.*, for the petitioners.
*B. M. Coon, Esq.*, for the respondent.

OPINION.

LOVE: In this proceeding the petitioners seek a redetermination of a deficiency in estate tax in the amount of $4,177.46, only a part of which is in controversy.

The case was submitted on the pleadings, for decision on the merits. It appears that the decedent, a resident of Texas, died June 30, 1924, and that a widow and children survived him. It further appears that the decedent left a will purporting to give to his wife a portion of his estate alleged to be of value in excess of the value of her vested interest in the community property. The wife thereafter elected to stand by the terms of the said will and take under it rather than by right of her interest in the community. Such an election is binding upon the wife under the laws of Texas, i. e., she could be estopped from afterwards asserting her right to the community. *Smith* v. *Butler*, 85 Tex. 126; 19 S. W. 1083; *Farmer* v. *Zinn*, 261 S. W. 1073; affd. 276 S. W. 191.

June 12, 1925, a return for Federal estate taxes for the estate of the decedent was filed with the collector of internal revenue at Austin, Tex. The said return showed a gross estate in the amount of $330,-137.73 and total deductions of $167,581.67, leaving a net estate for estate-tax purposes in the amount of $162,556.06, upon which a Federal estate tax of $3,502.24 was computed and paid.

Thereafter, and following an investigation of the affairs of the estate, the respondent finally determined the net taxable estate to be $304,492.48; the estate-tax liability, $7,679.70; and the deficiency, $4,177.46. The petitioners herein, as executors, were notified of the deficiency mentioned by letter of June 18, 1926, and they duly filed this petition August 9, 1926.

The petition presents one assignment of error. This is alleged to be the respondent's inclusion in the gross estate of the sum of $19,-030.78, which amount is asserted to be one-half of the value of the community estate and properly excluded from the gross estate as an interest vested in the wife during coverture. *R. W. Ramming*, 6 B. T. A. 188; *G. D. Rigsby*, 6 B. T. A. 194; *Edwards* v. *Brown*, 68 Tex. 331; 5 S. W. 87; and *Merrill* v. *Moore*, 47 Tex. Civ. App. 200. See also *United States* v. *Robbins*, 269 U. S. 315.

The respondent contends that by reason of the wife's election to take under the will rather than by right of her vested interest in the community, the value of the total community property is properly included in the gross estate for tax purposes.

An issue of law is therefore presented by the positions of the parties. In view of what follows however, we believe that upon the record we can afford the petitioners no relief and, therefore, that a

discussion of the issue mentioned would be futile in this proceeding.
The petition states:

* * * No consideration was given to the fact that of the total net estate of $304,492.48, $19,030.78 is represented by the community interest of Andrea Ortiz de Fernandez, the surviving wife of the deceased Juan H. Fernandez, in her own right as the wife of the said deceased under the laws of the State of Texas which give the wife one-half of the community estate of the marriage; said community estate in this instance being figured to be one-eighth of the net estate or $38,061.56, to which, by virtue of law, the surviving wife is entitled in her own right, to a one-half interest, or in this instance to $19,030.87. [Paragraph I, referring to the respondent's determination of the net taxable estate.]

The business of the deceased was that of general merchandise and farming, and while it has been impossible to exactly determine the value of his estate at the date of his marriage (August 11, 1911), and the exact value of the estate accumulated during the marriage, from the books and records of the deceased and from the knowledge of those most intimate with his affiars [affairs], it has been estimated that approximately one-eighth of the value of the estate at the time of the death of the decedent was earned and accumulated after his marriage with his surviving wife, and therefore represents a community estate to the extent of one-eighth of the whole net estate, or one-eighth of $304,492.48, which is $38,061.56. * * * [From paragraph IV.]

At other points in the petition further claim is made for the deduction of $19,030.78, alleged to represent the value of one-half of the community property.

The respondent's answer admits substantially all allegations of the petition, except that paragraph IV:

Denies that the community estate is in the amount of one-eighth of the value of the whole net estate, or $38,061.56.

and, further:

Denies that the gross estate of Juan H. Fernandez should be reduced in the sum of $19,030.78 and the taxes computed accordingly.

It will thus be seen that if we should determine that the petitioners are entitled to a deduction as claimed there is no means presented us to determine what the amount of that deduction should be. It further appears from paragraph IV of the petition, *supra*, that the petitioners recognize that there is no evidence available to them for the establishment of the amount of the proper deduction. Decision upon the issue of law would therefore be futile to afford the petitioners relief.

In *James Couzens*, 11 B. T. A. 1040, the Board held that its function is not primarily to declare a rule but to determine the issues presented in each case in the light of the evidence therein, to the end that the present tax liability of each petitioner may be determined. No such end can possibly be arrived at upon the record in this proceeding. Under such circumstances the Board declines to pass upon the issue of law. *B. Estes Vaughan*, 15 B. T. A. 596.

See also *Livingston Worsted Co.*, 14 B. T. A. 700; *Ohio Clover Leaf Dairy Co.*, 9 B. T. A. 433, and *New England Trust Co., Trustee*, 13 B. T. A. 380.

For the reasons stated the deficiency determined by the respondent is approved.

*Judgment will be entered for the respondent.*