*Overruled by 356 SW 2d 918*



# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~WITH WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

~~Reinstated by~~
~~406 342~~

~~v 90~~

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4109
Re: The application of the
Texas Inheritance Tax
Law to a situation where
an individual devises by
will all the community
property belonging to him-
self and to his surviving
wife. The property is all
devised to the certain
named beneficiaries with
the exception of a $2400.00
annuity which is given to
his surviving spouse. How
much of such property re-
ceived by the certain named
beneficiaries is subject to
the inheritance tax.

We are in receipt of your letter of October 8, 1941,
in which you request the opinion of this department upon the
question set out therein as follows:

"S.E. McKnight died a resident of Dimmit
County on September 24, 1940, testate, seized
and possessed of a community estate that had
a net value of $292,574.46. The undivided one-
half interest of the deceased is valued at
$146,287.23, and accordingly an inheritance
tax report was made on this basis.

"An examination of the will of the de-
ceased reveals that after certain special
bequests, the testator disposes of his entire
community estate of himself and surviving wife.
The residuary estate is devised in trust to
three trustees for a period of ten years, or
until the death of the surviving wife. The
wife is to have the use of the homestead and

and household furnishing and an annuity of $2,400.00 per year for life and the corpus of the trust passes to seven nieces and nephews at the expiration of the trust.

"Item 2 of the will contains this language:

"'All property that I now possess or that I probably will possess at the time of my death is community property between me and my wife, Della McKnight. It is my intention by this will to dispose of all said property, my wife's part as well as my own, and I hope that she will accept the provisions herein made for her in lieu of her community interest in said property. . .'

"The surviving wife, by this clause, was put to her election either to take this property under the will or to repudiate same and claim her one-half interest in the community property. She elected to take under the will and the question arises over the correct method of distribution thereunder and the computation of the inheritance tax thereon.

"The executor of this estate reported only one-half value, ($146,287.23), and distributed same to the seven nieces and nephews and computed the tax thereon.

"On the other hand, should we include for tax purposes the total value of the community estate ($292,574.46), less the life estate in the homestead and household furnishings and the $2,400.00 annuity to the wife and distribute the residue to the seven nieces and nephews and compute the tax thereon."

Under the facts you submit there can be no question but that the testator has devised all of the community estate belonging to himself and to his surviving wife. Also you advise that the surviving spouse has elected to take the annuity set up for her by the will of the testator along with the other rights given her under the will. Under the facts you submit

the value of the entire community estate is $292,574.46. You advise also that the attorney for the estate has submitted only one half of said amount as taxable under the Texas Inheritance Tax Law contending that such amount represents the decedent's interest in the community property and therefore that is all that is taxable upon the passing to the named beneficiaries. Under the facts also, the surviving spouse having elected to take under the will the actual value of the estate that will pass to the other devisees is an amount much greater than the one half community estate reported by the attorneys for the estate for inheritance tax purposes. Under the will of the testator the corpus of the estate was left in trust to certain relatives of the surviving spouse with the exception of the portion set aside for said surviving spouse therein.

Article 7117, Revised Civil Statutes, provides in part as follows:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, . . . which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, in accordance with the following classification. . . ." (Underscoring ours)

The question in this case then resolves itself down to this: The testator's share of the community estate which he passed to the devisees is valued at $146,287.23 and the value of the property actually received by the devisees due to the will and the election by the surviving spouse is a sum greater than said testator's community half of the estate; therefore should the inheritance tax be assessed against the $146,287.23 estate or should it be assessed against the value of the entire estate being received by the devisees other than the surviving spouse?

The Texas Inheritance Tax is a privilege tax being levied on the privilege of receiving or succeeding

to property which passes under the conditions named in Article 7117, supra. See the case of State v. Hogg, 72 S.W. (2d) 593. The question in this case then depends upon what property passed to the devisees under the will of the deceased. All property so passing under the will absolutely or in trust to the devisees is subject to the tax. The answer to this question involves the doctrine of election announced by the courts of this State. The doctrine was well stated by the Supreme Court of Texas in the case of Dakan v. Dakan, 83 S.W.(2d) 620. The court stated as follows:

> "As early as 1859, the Supreme Court of this state, in the case of Philleo v. Holliday, et al, 24 Tex. 38, in discussing the doctrine of an election under a will, announced the following rule: 'The principle of election is, that he who accepts a benefit under a will, must adopt the whole contents of the instrument, so far as it concerns him; conforming to its provisions, and renouncing every right inconsistent with it; as where the wife claims something under the will which will disappoint the will.'"

The court went further and declared the effect of an election upon the rights of the surviving spouse to be as follows:

> "The law does not permit the husband to devise either separate property or community property of the wife, without her consent; but if he attempts to do so, and she accepts under the will, as devisee, rights she would not otherwise be entitled to, she is estopped from questioning the disposition of her property upon the doctrine of election. Smith v. Butler, 85 Tex. 126, 19 S.W. 1083; Gilroy v. Richards, 26 Tex.Civ.App. 355; 63 S.W. 644; Rogers v. Trevathan, 67 Tex. 406, 3 S.W. 569; Chase v. Gregg, 88 Tex. 552, 32 S.W. 520; Lee v. McFarland, supra; Speer's Martial Rights, § 323, p. 399."

The Supreme Court of Texas in the case of Moss v. Helsley, 60 Tex. 426, stated as follows:

"If, however, he should by will dispose
of her community interest or separate property,
and she should elect to take under the will,
then she would be estopped from claiming against
the will under which she had elected to take by
asserting her separate or community right to the
property."

It is also a well settled rule of law in this
State that the fact that the surviving spouse receives
under a will an estate of less value than the one half
share of the total community estate owned by her and the de-
cedent does not affect the legal application of the rule of
election. In the case of Dunn v. Vinyard, 251 S.W. 1043,
the Commission of Appeals of Texas stated as follows:

". . . To uphold an election the compensat-
ing thing need not be of value equal to that
taken away. Smith v. Butler, 85 Tex. 130, 19
S.W. 1083. It may be, and often is, true that
the party making the election is prompted to do
so by considerations other than the value of
the estate or property actually received under
the will. Some of the difficulties usually
encountered in cases of this kind are avoided
by reason of the explicit language of the will
itself. Item eleventh expressly declares that
it is the purpose to dispose of the whole of
the community estate, and Mrs. Dunn is express-
ly advised that she is put to an election."

To the same effect see the case of Bumpass v. Johnson, 290
S.W. 739, by the Commission of Appeals.

In the case of Jones v. State, 5 S.W. (2d) 973,
the Commission of Appeals of Texas was confronted with a
fact situation where an individual had died leaving a will
disposing of the community estate of himself and his sur-
viving spouse. In that case the surviving spouse had re-
ceived under the will of the decedent an estate equal in
value to her one half share of the total community estate.
The surviving spouse elected to take under the will and
the State assessed an inheritance tax against her based
on the amount given her under the will. The court held
that since the amount so received by her under the will

was less or not in excess of the amount that she owned as a one half community estate in the total estate that no inheritance tax was due. The court held that the tax was not due because the will passed no property to the surviving spouse. The court stated as follows in this connection:

"Now if the surviving widow owned in her own right an undivided one-half interest in the community property of herself and husband, then she had title to that extent to such property, and, if the will of deceased did not pass any property to her, clearly she is not taxable. The will did not pass any property whatever to her, because it operated only as an effective partition of the community property after death. . . ."

Under the doctrine of the case of Jones v. State, supra, it is necessary to determine the value of the property that in this case passes under the will to the devisees. There can be no question but that under said case the amount received under the will by the surviving spouse here is not subject to an inheritance tax because the value of the same is less than the one half community estate she had in the total estate.

As to the other devisees, however, we are of the opinion that under the law all the remainder of the property passed to them under the will of the decedent and that the inheritance tax is to be based on the total value so passing to them and not based upon the value of only the one half community interest of the testator in the total estate. We believe this to be true because we believe that all the remainder of the property of the entire community estate passed under the will of the testator to the remaining devisees, the surviving spouse having elected to take under the will. We believe this point is settled by the case of Kelly v. Kelly, 294 S.W. 518, by the Commission of Appeals of Texas. In that case an individual by will disposed of the entire community estate belonging to him and to his surviving spouse. Under the will the decedent gave all of his property to his wife to fully control for the use of the family. The will also provided that the surviving wife should execute a deed of gift to one of the decedent's seven children of 68 acres of the land being a part of the community estate. The will further provided that at the death of the surviving wife the

remainder of the property should be divided equally among the six other children of the testator. Subsequent to the testator's death the surviving wife executed the deed of the 68 acres of land to the son so designated. Several years later the surviving wife died without having disposed of the balance of the community land owned by her and her husband. The son which had been given the 68 acres of land by the deed but which had been left out of the provision in the will of the testator which disposed of the remainder of the property after the death of the surviving wife claimed a one-fourteenth undivided interest in the remainder of the property as the heir of his mother. The court held that the children took the property and derived their title under the original will of the husband and not as heirs of their mother. The court stated as follows:

> "This will disposes of the community estate of G. S. Kelly and Julia Kelly. It vests legal title to the community estate in the wife for the use and benefit of the family. It directs that she convey the 68 acres of the community estate to R. E. Kelly, and that the property remaining at the termination of the trust be divided equally between his other six children. The wife elected to accept under the will, and faithfully performed the trust. The wife and children took under the will, and the children took no part of the community estate by inheritance from their mother."

The Austin Court of Civil Appeals in the case of Kerens Nat. Bank v. Stockton, 281 S.W. 580, reversed by the Supreme Court on other grounds, stated as follows:

> "We are of opinion that upon the upon the election of the children to take under the will their one-half interest in the 275 acre tract became wholly the property of the testator for all purposes to which his estate under the law and under the terms of the will might be subjected, and that such ownership dated back to the date of his death."
> (Underscoring ours)

See also the case of Grange v. Kayser, 80 S.W. (2d) 1007, in which the El Paso Court of Civil Appeals held that where an individual died and by will disposed of all of the

community estate and the wife, having elected to take there-under, subsequently attempts by quitclaim deed to convey her interest to another, title passed by the terms of the will and the quitclaim deed passed no title to or interest in the property.

We believe that these cases conclude the proposition that where as in our case an individual attempts to dispose of the entire community estate belonging to himself and to his surviving spouse that if the surviving spouse elects to take under the will title to all of the property passes under said will and the devisees derive their title from said will of the testator. Applying that rule to the facts in our case all of the property which now passes to the devisees other than the surviving spouse is property which passes to them in trust by will of the testator. Under the plain terms of Article 7117, supra, all of the property so passing in trust under said will is subject to the Texas Inheritance Tax.

We trust that the foregoing fully answers your inquiry in this matter.

Yours very truly

APPROVED OCT 22, 1941

ATTORNEY GENERAL OF TEXAS

By

Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Billy Goldberg
Assistant

BG:LM

ENCLOSURES

APPROVED

OPINION COMMITTEE

By ___BWB___
     Chairman