### ANNIE NELSON v. LIZZIE LYSTER.

#### Decided April 30, 1903.

**1.—Will—Acceptance Under—Annulling Bequest—Year's Allowance to Widow.**
Where a testator's estate consisted of two city lots and four promissory notes, with some household furniture of little value, and by his will he devised all his property to his wife except the notes, which he bequeathed to a child, the widow was not entitled to accept under the will and also to have the clause giving the notes to the child annulled and the notes sold in order to raise the year's allowance to her for which the statute provides.

**2.—Same—Jurisdiction of Probate Court.**
Under a will providing that no action shall be had in the probate court with reference to the estate other than the probate and record of the will and filing of an inventory, that court is without jurisdiction of a proceeding to annul the will in part in order to provide a year's allowance for the widow.

Appeal from the District Court of Galveston. Tried below before Hon. Robert M. Franklin.

*Stewart & Stewart* and *George E. Coll,* for appellant.

*Stubbs & Stubbs* and *Sherrill & Heffner,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant is the widow of Thomas C. Nelson, deceased, who died in the county of Galveston, Texas, in the year 1900. The said Thomas Nelson by his will, which had been duly probated in the County Court of Galveston County prior to the institution of this proceeding, bequeathed to appellee certain promissory notes held by him at the time of his death. Appellant instituted this proceeding by filing an application in the County Court of Galveston County praying that the clause in said will giving said notes to appellee be annulled or suspended, and that said notes be sold and the proceeds awarded her as an allowance for a year's support. Upon the hearing of the application the County Court refused to annul or suspend the clause in the will by which the notes were bequeathed to appellee, but granted the prayer for an allowance for a year's support, and fixed the amount of same at $300. Upon a trial de novo on appeal to the District Court of Galveston County a judgment was rendered refusing to annul the clause in the will above mentioned, and also refusing to grant the application for a year's allowance, from which judgment Mrs. Nelson prosecutes this appeal.

At the time of his death Thomas Nelson owned lots Nos. 4 and 5, in block 212, in the city of Galveston, upon which his home was situated, and four promissory notes for the sum of $750 each, executed by the appellee and secured by a vendor's lien upon lot No. 6 in block 150, in the city of Galveston. With the exception of his household and kitchen furniture, which was of little value, this was all of the property owned by Thomas Nelson at the time of his death.

The appellant was the second wife of Thomas Nelson, and the appellee, who is the daughter of his first wife, is his only surviving child. Appellant has no property or income of any kind. All of the property above described was the separate property of Thomas Nelson. By his said will Thomas Nelson bequeathed to appellant his homestead and all the residue of his property, except the four notes bequeathed to appellee. The will provides that no action shall be had in the probate court with reference to said estate other than the probate and record of the will and the filing of an inventory of the estate. No administration upon said estate is pending, and no application therefor has been made by appellant or any other person.

Appellant, in her application for an allowance for a year's support, does not repudiate the will in its entirety, nor disclaim title to the property thereby bequeathed to her, but only asks that the will be annulled in so far as it bequeaths the notes above mentioned to appellee. This she will not be permitted to do. Her acceptance of benefit under the will precludes her from claiming any right inconsistent therewith. In the absence of the will, as surviving widow of Thomas Nelson, she

would be entitled to the use of the homestead as long as she desired to occupy same, and to a one-third interest in the principal of, the notes and one-half of the interest due thereon, and would also be entitled to an allowance for a year's support, which could be taken out of the remainder of said notes, there being no other property or funds of the estate from which said allowance could be made. By the terms of the will she is given the fee simple title to the homestead, and her acceptance of the same operates as a renunciation of all rights inconsistent with the will. Having elected to take under the will, she will not be heard to assert rights contrary to its provisions. Rogers v. Trevathan, 67 Texas, 406; .Smith v. Butler, 85 Texas, 126; Lee v. McFarland, 19 Texas Civ. App., 292, 46 S. W. Rep., 281.

Under the provisions of the will the County Court had no jurisdiction to make any order or take any action in the estate other than to probate the will and approve the inventory of the estate. If appellant had applied for an administration upon the estate and disclaimed all rights under the will, she would have been entitled to her allowance out of the notes, notwithstanding they had been bequeathed by the will to appellee. Wooley v. Sullivan, 92 Texas, 28, 45 S. W. Rep., 371. Upon the application filed by appellant she is not entitled to any relief, and the judgment of the court below refusing said application is affirmed.

*Affirmed.*