### BUMPASS v. JOHNSON et al.
### (No. 640—4502. Motion No. 7417.)

(Commission of Appeals of Texas, Section B. Feb. 2, 1927.)

Wills ☞800—Though wife would have taken entire estate, in absence of will, accepting under will, in lieu of taking community property, constituted binding election.

Though wife, in absence of will, would have taken entire estate, due to fact that deceased's daughter was illegitimate, wife, by accepting under will, was bound by election.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

On second motion for rehearing. Motion overruled.

For former opinion, see 285 S. W. 272, which reversed 275 S. W. 1108. First motion for rehearing overruled 287 S. W. 243.

On Second Motion for Rehearing.

SPEER, J. The judgment of the Court of Civil Appeals was reversed, and that of the trial court affirmed, because as matter of law there had been an election by the defendant in error, Carrie, to take under the will of her deceased husband, rather than to claim her rights as the survivor in community. Even though she would have taken all the estate

in the absence of a will, nevertheless the deceased had the right, which he exercised, to dispose absolutely of his one-half interest in such estate, leaving to the widow her one-half.

The rule is well established that the doctrine of election under a will is not predicated upon the theory of comparative advantage by accepting, or dependent upon a profit upon the whole transaction, but rather upon the theory that one cannot, by accepting under the will, gain any substantial right he would not otherwise have enjoyed, without suffering the consequences of an election to waive his rights as heir. Under the undisputed facts the widow did undoubtedly elect to take under the will, and has enjoyed rights she would not otherwise have possessed.

It is immaterial whether the deceased's daughter, Ethel Cooper, was a legitimate child or not. If she was illegitimate, as contended by defendant in error, then, of course, without a will, the whole of the community estate would have descended to the widow. But, there being a will, her inheritance would be cut in half. In the opinion on rehearing we said no attack is made anywhere upon the existence of this daughter. Counsel does point out, however, that the proof shows she was illegitimate. But for the reasons given this cannot alter the conclusions that in any event defendant in error Carrie has elected to take under the will of her husband, and that the instructed verdict therefore was right.

We recommend that the second motion for rehearing be overruled.