Luther CUNNINGHAM et al., Appellants,

v.

Roy F. TOWNSEND et al., Appellees.

No. 3231.

Court of Civil Appeals of Texas.

Eastland.

May 11, 1956.

Rehearing Denied June 15, 1956.

Turner & Seaberry, Eastland, for appellant.

Frank Sparks, Eastland, for appellee.

GRISSOM, Chief Justice.

Roy F. Townsend et al. sought a declaratory judgment that they were the owners of certain property as the beneficiaries of the 1950 will of Mrs. Lucy M. Townsend Carter and that defendants had no interest therein as the beneficiaries of the will of her surviving husband, J. Will Carter. Plaintiffs alleged Mrs. Carter was the wife of J. Will Carter and that she had no children; that she died first and each left a will which was probated; that in Mrs. Carter's will she gave the realty in controversy to plaintiffs, subject to a life estate in her husband, and made specific devises and bequests to her husband; that Mr. Carter attempted to devise to defendants some of the same property devised by Mrs. Carter to plaintiffs. Plaintiffs alleged that all the property described in Mrs. Carter's will was her separate property. Plaintiffs set out a portion of her will wherein she said, in effect, that she was disposing of her entire estate and that all the property disposed of had been purchased by her "from the funds of my separate estate, save and except, such articles given me by my former husband and close relatives." Plaintiffs alleged Mr. Carter accepted a life estate in the Moran realty devised to him by Mrs. Carter and collected all the rent from the Moran realty and accepted the money bequeathed to him by Mrs. Carter and defendants had received the residue; that Mr. Carter thereby elected to take under his wife's will and, hence, was required to accept the whole of her will so far as it concerned him and conform to its provisions and renounce every right inconsistent therewith and that defendants, as the devisees of Mr. Carter, were estopped to claim any interest in the property devised by Mrs. Carter to plaintiffs. Plaintiffs presented affidavits in support of said allegations and prayed for a summary judgment. Defendants answered that they owned the property in dispute as beneficiaries of the will of J. Will Carter, deceased, and that all of it was community property. Defendants alleged that, regardless of the source of the consideration, the deeds to the Moran property showed a joint conveyance to the Carters during their marriage and that they had been recorded with the knowledge of Mrs. Carter and at her direction and, therefore, plaintiffs were estopped to claim it was the separate property of Mrs. Carter. They made the same allegations relative to the Carters' residence and alleged it was the homestead of the Carters and continued to be Mr. Carter's homestead until his death in 1955. They alleged that the money purported to be given to Mr. Carter in Mrs. Carter's will was deposited in the Eastland bank in the name of Mr. Carter and was, therefore, his separate property, by virtue of Article 4622, Vernon's Ann.Civ.St.

Defendants alleged there had been no election by Mr. Carter to take under his wife's will which would prevent them from claiming the community interest of Mr. Carter in the property devised to them by him because the Carters had no children, Mrs. Carter's will did not clearly and un-

equivocally attempt to dispose of the entire interest in the property but only her one-half community interest and Mrs. Carter did not by her will confer a benefit on J. Will Carter, that is, she did not give him something to which he would not have been entitled but for the will in lieu of what was taken away from him; that had Mrs. Carter died intestate Mr. Carter would have inherited all her interest in the community property and would have owned all the property described in plaintiffs' motion. Defendants alleged they were entitled to a one-half interest in the Eastland residence, the Moran realty, the "E" Bonds, the Postal Savings Certificates, the De Leon Peanut Company and Central Power and Light Company stock and to an accounting for rents collected from the Moran property.

Plaintiffs filed a supplemental motion in which they admitted they could not prove the property was the separate estate of Mrs. Carter and that it must be considered as community property. They alleged that the money deposited in the Eastland bank in the name of Mr. Carter was acquired during the marriage from rents paid on the Moran buildings and that Mr. Carter accepted the bequest of all the rent from the Moran property and all the money in the Eastland bank and collected and appropriated all said rent and money and thereby elected to take under her will. Plaintiffs attached affidavits supporting said motion.

The court sustained plaintiffs' motion, denied defendants' and rendered judgment awarding plaintiffs title and possession of the property given them by the will of Mrs. Carter, except one-fourth of the United States "E" Bonds. Defendants have appealed.

Defendants' points are that the court erred in (1) granting plaintiffs' motion and (2) overruling defendants' motion for summary judgment. Defendants say that all the property was acquired during the marriage of the Carters; that the deeds were made to the Carters jointly; that the bank account was in the name of Mr. Carter and said stocks, bonds and savings certificates were in the name of Mrs. Carter.

We shall consider the realty in dispute as community property.

Defendants argue with ability that Mrs. Carter's will did not require an election because she did not attempt to dispose of her husband's interest in the property. They cite 44 Tex.Jur. 867–9; Carroll v. Carroll, 20 Tex. 731; Avery v. Johnson, 108 Tex. 294, 192 S.W. 542; Gulf, C. & S. F. Ry. Co. v. Brandenburg, Tex.Civ.App., 167 S.W. 170, Writ Ref.; Kreis v. Kreis, Tex.Civ.App., 36 S.W.2d 821, Writ Dis. and Long v. Long, Tex.Civ.App., 252 S.W. 2d 235, RNRE, in support of that contention.

In addition to urging that Mrs. Carter did not by clear and unequivocal language show an intention to dispose of the entire interest in the property but only her community interest therein defendants say that, if Mrs. Carter did not attempt to dispose of the entire interest, the fact that he took a life estate in Mrs. Carter's one-half of the community under her will did not bar them from claiming Mr. Carter's one-half interest in the community. They say that a spouse may keep his interest in the community while accepting any rights bequeathed to him in the other half. They cite in support thereof Logan v. Logan, Tex.Civ.App., 112 S.W.2d 515, Writ Dis.; Miller v. Miller, 149 Tex. 543, 235 S.W.2d 624 and Haley v. Gatewood, 74 Tex. 281, 12 S.W. 25. Appellants say there was nothing done by Mr. Carter in accepting the money on deposit in the Eastland bank or in collecting all the rent on the Moran realty after Mrs. Carter's death which was inconsistent with his claim to his one-half of the community property; that he had a right to continue to assert ownership of his one-half interest and at the same time take Mrs. Carter's one-half of the bank account and her half of the rent from the Moran property under her will and that such action did not constitute an election or estop Mr. Carter, or appellants, from asserting those rights. We do not disagree with these propositions where there is no inconsistency in taking under the will and also claiming his share of the community.

But they are not applicable to the fact situation.

Plaintiffs, Roy F. Townsend et al., are the children of the first husband of Mrs. Carter and defendants are nieces of Mr. Carter and the husbands of nieces. The will in question was executed in 1950. Mr. Carter presented a later will for probate in which Mrs. Carter gave all her property to him. That will was denied probate and her 1950 will was admitted to probate. Her 1950 will, so far as it could be here pertinent, is as follows:

### 2nd.

"I desire and direct that my just debts be paid out of my estate without delay by my executor and executrix to be hereinafter appointed.

### 3rd.

"It is my will and desire that all of my property, both real and personal, I may die seized and possessed of, after the payment of all my just debts, including debts of last sickness, funeral expenses, and expenses incident to the probating of this will, shall pass to the following named devisees under the terms and stipulations of this will, and in so doing, it is my purpose to make a complete disposition of my entire estate.

### 4th.

"Having great love and respect for my husband, J. Will Carter, and the children of my deceased husband, Frank W. Townsend, by a former marriage, to-wit: Roy F. Townsend, Clara B. Townsend Cockrill and Azro E. Townsend, it is my will and desire to apportion and bequeath unto them my said estate, and to share the same as herein provided, all of which property herein bequeathed, has been purchased by me from the funds of my separate estate, save and except, such articles given to me by my former husband and close relatives.

### 5th.

"I fully realize the unfortunate mental condition of Azro E. Townsend, and his incapacity to perform legal transactions and for this reason I here now create a Trust Estate for his benefit out of a portion of my estate, and do select and appoint Roy F. Townsend and Clara B. Townsend Cockrill, Trustees of said estate, to faithfully perform said Trust herein vested in them, and serve without bond or other security, and that portion of the estate to which I feel and believe that Azro E. Townsend is entitled, I here now will and bequeath unto the said Trustees for his use and benefit, and direct that said Trust be performed and carried into effect as herein stipulated.

### 6th.

"It is my will and desire, and I hereby will, bequeath, and demise unto the said Roy F. Townsend and Clara B. Townsend Cockrill, individually, and unto them in Trust as such Trustees for the use and benefit of Azro E. Townsend, all of my real property located in the town of Moran, in Shackelford County, Texas, the fee simple title to said property, described as follows:

"Being out of the N.E. Corner of Block No. 19, in the town of Moran, and being the same property purchased by me out of the Mary E. Townsend Estate, as shown by deed records in the County Clerk's office of Shackelford County, Texas, for complete legal description, and on which there is located four buildings, now being occupied by the United States Post Office Department, F. B. Barnett, F. R. Raymond, and D. A. Jones, respectively,

to share and share alike, with full power and authority to sell and dispose of the same as they see fit, and as under the directions of this will.

"However, it is my further will and desire, and I so will and direct that my

beloved husband J. Will Carter, shall have the use and possession of said property, buildings and improvements and here now give the right and privilege to my said husband, J. Will Carter, to rent said property, or any part thereof, and to collect and receive all rentals and revenues derived therefrom so long as he may live, conditioned, that he shall pay the current taxes to be assessed against said property as the same accrues and keep the buildings in normal repair.

### 7th.

"It is my further will and desire, and I hereby give, bequeath and demise unto Roy F. Townsend and Clara B. Townsend Cockrill, individually, and unto them in Trust as such Trustees for the use and benefit of Azro E. Townsend, my home place where I am now living with my husband, in the town of Eastland, in Eastland County, Texas, and being Lots 30 and 31, E. A. Hill Subdivision, of Block —G/3, the fee simple title to said property, to share and share alike, with full power and authority to sell and dispose of same as they may see proper, and as under the directions of this will.

"However, it is my further will and desire, and I so will and direct that my beloved husband, J. Will Carter, shall have the use and occupancy of said property, so long as he may live, with the full right and privilege of renting the same or any part thereof, collect and use said rents, conditioned, that he shall pay the current taxes assessed against said property as same accrues, and further, that he shall keep the premises and improvements in normal repair.

### 8th.

"It is my further will and desire, and I hereby give, bequeath and demise unto Roy F. Townsend and Clara B. Townsend Cockrill, individually, and unto them as Trustees for the use and benefit of Azro E. Townsend, all of

my undivided interest in a certain lot and building located in the town of Gorman, in Eastland County, Texas, and now occupied by the United States Post Office Department and the Mehaffey Drug Store, in fee simple title to share alike, with full power and authority to sell and dispose of same as they may see proper, and as under the directions of this will.

### 9th.

"It is my further will and desire, and I hereby give, bequeath and demise all of my mineral interest, mineral rights, royalty interest, and royalty rights, owned by me of whatever kind and character located in Eastland, Callahan, Comanche and Crosby Counties, and any and all other counties in the State of Texas, unto the said Roy F. Townsend and Clara B. Townsend Cockrill, in fee simple title, to share and share alike, with full power and authority to sell and dispose of same as they may wish.

### 10th.

"It is my further will and desire, and I hereby give, bequeath and demise unto the said Roy F. Townsend and Clara B. Townsend Cockrill, my entire interest in the De Leon Peanut Company, in De Leon, Comanche County, Texas, and my entire interest in the Central Power and Light Company, in Corpus Christi, Texas, to share and share alike, with full power and authority to sell and dispose of the same as they may wish.

### 11th.

"It is my further will and desire, and I hereby give, bequeath and demise unto my beloved husband, J. Will Carter, Roy F. Townsend and Clara B. Townsend Cockrill, individually, and unto my said named Trustees, for the use and benefit of Azro E. Townsend, all of my United States Government Bonds, including United States Savings Bonds, United States Sav-

ings, Defense Savings and War Savings Bonds, United States Treasury Notes and Bonds, Savings Bonds (Baby Bonds), and any and all other Government bonds and notes issued to me and owned by me, or held by anyone else in trust for me, save and except, this does not include United States Postal Savings as referred to in Section 12 of this will, to share and share alike, and I here· now direct and authorize my said executor and executrix hereinafter appointed, and my said Trustees herein named, as soon after my decease and the probating of this will as is practicable, to sell and dispose of same and divide the proceeds thereof equally between my said husband, J. Will Carter, Roy F. Townsend and Clara B. Townsend Cockrill, and the portion to be received by my said Trustees, be delivered to Roy F. Townsend, Guardian for Azro E. Townsend.

### 12th.

"It is my further will and desire, and I hereby give, bequeath and demise unto said Roy F. Townsend and Clara B. Townsend Cockrill, individually, and unto them as Trustees, for the use and benefit of Azro E. Townsend, all of my United States Postal Savings, whether in the Post Office at Eastland, Texas, or elsewhere, issued to me in my name, or issued to anyone else and held in Trust for me, to share and share alike, and I hereby authorize and direct my said executor and executrix hereinafter appointed, and said Trustees herein named, as soon as my decease, and *provation* of this will, as is practicable, to convert the said United States Postal Savings into money, and divide the proceeds equally between my said devisees herein named, and the portion to be received by said Trustees, to be delivered to Roy F. Townsend, Guardian of the Estate of Azro E. Townsend.

### 13th.

"It is my further will and desire, and I hereby give, bequeath and de-

mise unto my beloved husband, J. Will Carter, our family automobile.

### 14th.

"It is my further will and desire, and I hereby give, bequeath and demise unto my said husband, J. Will Carter, all of the money belonging to me on hand at the time of my death.

### 15th.

"It is my further will and desire, and I hereby give, bequeath and demise unto the said Roy F. Townsend and Clara B. Townsend Cockrill, to share and share alike, any and all other bonds, notes, stocks, bills receivable, and in fact any and all other securities of any kind belonging to me or held by anyone in Trust for me, and not heretofore disposed of in this will, with full power and authority to sell and dispose of same as they may wish or see fit.

### 16th.

"It is my further will and desire, and I hereby give, bequeath and demise unto Clara B. Townsend Cockrill the following personal property belonging to me, to-wit:

My diamond bar pin, and my diamond dinner ring;

1 Antique clock;

My entire collection of glassware, old and new, including the following cut glass:

1-Water pitcher and glasses;

1-Cut glass lamp;

1-Large and three small cut glass bowls;

1-Cut glass perfume bottle;

1-Large cut glass vase;

2-Cut glass trays;

My entire collection of crystal glassware, including 16 goblets, punch bowl and cups;

All my China *wear,* including the following:

1-Hand painted dinner set, containing two sets of dinner plates, large and small platters, cups and saucers;

Set of hand painted floral service and dessert plates;

1-Large and one small pitcher;

All bowls;

All large and small vases;

2-Tea sets;

1-Set of after-dinner coffee cups and saucers;

2-Large China cake plates;

1-Antique China cracker jar with silver lid;

1-Wash bowl and pitcher;

The following silverware, including, 1-Cake stand;

Punch, Gravy and cream ladles, and coffee spoons;

All of my hand-embroidered linens, and one extra long *hemstiched* linen tablecloth and napkins to match, together with my electric mixer.

1-Three piece marble top Walnut bedroom suite;

1-Eleven piece Mahogany dining room suite;

1-Walnut secretary;

1-Mahogany end table.

### 17th.

"It is my further will and desire, and I hereby give, bequeath and demise unto my good friend, Mary Elizabeth Hamrick, and being the daughter of Clara B. Townsend Cockrill, the following personal property belonging to me, to-wit:

My diamond solitaire ring; three piece silver tea service with large silver tray; 1-Silver compote; and 1-Set of Gold banded dessert plates.

### 18th.

"It is my further will and desire, and I hereby give, bequeath and demise unto Clara B. Townsend Cockrill, and Mary Elizabeth Hamrick, to share and share alike, the following personal property belonging to me:

1-Silk quilt;

4-Hand pieced quilt tops, two of wedding ring design, one of flower garden design, and one appliqued basket design:

3-Table covers, consisting of one hand embroidered broadcloth, one hand woven design, and one crochet.

### 19th.

"It is my further will and desire, and I hereby give, bequeath and demise unto my husband, J. Will Carter, all other furniture, household furnishings and effects in our home, not including any of the items bequeathed to Clara B. Townsend Cockrill and Mary Elizabeth Hamrick described under Sections 16, 17 and 18 in this will.

### 20th.

"It is my further will and desire, and I hereby give, bequeath and demise unto my said Trustees Roy F. Townsend and Clara B. Townsend Cockrill, full power and authority to sell and dispose of any and all property, real and personal, willed and bequeathed to them for the use and benefit of Azro E. Townsend, when in their judgment it is to the best interest of such Trust reposed in them, and the proceeds derived from such sales deliver to Roy F. Townsend, Guardian of the Estate of Azro E. Townsend."

We shall first consider whether Mrs. Carter attempted to dispose of Mr. Carter's community interest. In paragraph two

she provided that her debts were to be paid out of "my estate". Throughout the will are references to "all of my" property and statements that certain property belonged to her. We realize that it has been held that the use of such language alone does not compel a conclusion that a testatrix intended to dispose of any interest other than her own. It is, significant, however, that in the third paragraph she provived for the disposition of "all of my property, both real and personal" and stated that "it is my purpose to make a complete disposition of my entire estate" and, in the fourth paragraph, she said she had great love and respect for her husband, J. Will Carter, and for the children of her former husband, Mr. Townsend, and that she desired to give them "my said estate, and to share the same as herein provided, *all of which property herein bequeathed, has been purchased by me from the funds of my separate estate, save and except, such articles given to me by my former husband and close relatives."* (Emphasis is ours) In the sixth paragraph she gave to Mr. Townsend's children "all of my real property located in the town of Moran" in fee simple with power to sell and dispose of the same as they might see proper, subject to a life estate in Mr. Carter. She specifically described all the Moran property and said it was "purchased by me out of the Mary E. Townsend Estate". She provided that Mr. Carter should have all the rents therefrom as long as he lived, conditioned that he should pay the taxes and keep the buildings repaired. She had said in paragraph four that all the property disposed of by her will was her separate property. In paragraph six she devised to the Townsends "all of my real property" in Moran in fee simple, specifically describing all said property, with express authority to sell "the same" and said it was "purchased by me" from said estate. She certainly purported to dispose of all the Moran realty, not just an interest therein, as a part of her claimed separate estate. It is not controlling here whether in fact said property was separate or community. Her will showed that she thought it was her separate property, she described all of it

and subject to Carter's life estate, devised all of it in fee simple to the Townsend children, specifically authorizing them to sell or dispose of all of said realty. Practically the same situation exists as to all other realty in dispute. She thus made evident her intention to make a complete disposition of all her property and declared that all of said property was her separate estate and that she was disposing of all of it. It may be inferred she meant the funds with which she purchased said property had been acquired from Mr. Townsend and that she wanted the title thereto to go to his children, subject only to a life estate in Mr. Carter.

In paragraph seven Mrs. Carter devised to the children of Mr. Townsend "my home place where I am now living with my husband", specifically described all of said property, and provided that Mr. Townsend's children should have the fee simple title thereto, "with full power and authority to sell and dispose of same as they may see proper", subject to a life estate in Mr. Carter, conditioned, as in the case of the Moran property, that he should pay the taxes and keep it repaired.

In the eighth paragraph Mrs. Carter devised to the children of Mr. Townsend her interest in certain lots and buildings in Gorman. Defendants now in effect concede that her interest in the Gorman property was her separate property and it is not here in dispute. It is not material here except as it may shed some light on the questions to be decided relative to other property.

In the ninth paragraph Mrs. Carter devised to two of the children of Mr. Townsend "all of my mineral interest, mineral rights, royalty interest and royalty rights owned by me" in fee simple. In the tenth paragraph she bequeathed to the same two children of Mr. Townsend "my entire interest" in two corporations, meaning stock she held in said corporations. In the eleventh paragraph she bequeathed to Mr. Carter and the three children of Mr. Townsend "all of my United States Government Bonds—" and "any and all other govern-

ment bonds and notes issued to me and owned by me or held by anyone else in trust for me," except postal savings certificates. In the twelfth paragraph she gave to the three Townsend children the postal savings certificates "issued to me in my name or issued to anyone else and held in trust for me—." In the thirteenth paragraph she gave J. Will Carter *"our* family automobile". (Italics ours). This is the first reference to any property as belonging, wholly or in part, to anyone other than herself. In the fourteenth paragraph she gave to Mr. Carter all of the money "belonging to me on hand at the time of my death." In the fifteenth paragraph she gave to two of the children of Mr. Townsend "all other bonds, notes, stocks, bills receivable, and in fact any and all other securities of any kind belonging to me or held by anyone in trust for me and not heretofore disposed of—." In paragraphs sixteen, seventeen and eighteen she gave to Clara Townsend Cockrill or Mrs. Cockrill's daughter, Mary Elizabeth Hamrick, or both of them, certain personal property such as jewelry, glassware, linens, and the like, describing them as "my" or "my entire collection", "all my china ware" and as "belonging to me". In the nineteenth paragraph Mrs. Carter gave Mr. Carter all other furniture, household furnishings and effects in their home, not including any of the items bequeathed to Mrs. Cockrill or Mrs. Hamrick. In portions of the will not quoted Mrs. Carter appointed two of the children of Mr. Townsend, the third not being mentally competent, independent executors and provided that no bond or security should be required of them.

When all parts of the will are considered, a conclusion is required that Mrs. Carter claimed as her own all the property in dispute and intended to devise the entire interest therein. The fact that appellees conceded they could not prove that it was community does not destroy the effect of her assertion that she owned all of it and intended to dispose of all of it by said will. She said she intended to make a complete disposition of "my entire estate"; that all of the property had been purchased

by her with her own separate funds, except those things that had been given to her. This, considered with all other provisions of the will, was tantamount to saying that it was all her separate property and that she intended to dispose of the entire interest therein.

We shall now consider whether Mr. Carter elected to take under his wife's will and, therefore, the defendants, his nieces and their husbands, who claim through Mr. Carter's will what Mrs. Carter devised to the Townsends are estopped to claim said property. Mr. Carter devised to defendants the residence in Eastland, all the Moran property and the one-fourth interest in the Gorman realty. He also attempted to dispose of the government bonds, postal savings certificates and shares of stock in the light and peanut company which had been disposed of by the will of Mrs. Carter.

The test for determining whether Mr. Carter received a benefit from his wife's will is not whether he would have received the same thing or more by inheritance if Mrs. Carter had died intestate. The applicable rule is stated by Judge Garwood in Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670, 676, as follows:

"The proper test, therefore, is whether the alleged benefits granted her by the will are or are not something of which she could legally be deprived without her consent. If they are, there is a benefit, which she can accept only by accepting also the burdens; if they are not there is no benefit and thus no case of election. Accordingly, a bequest to the respondent of the testator's half of all or any part of the community estate is a benefit to her, although, absent a will, she would have inherited it and everything else."

In this connection we call attention to the fact that Mrs. Carter in devising the Moran property, the home and the Gorman realty disposed of said tracts of land specifically described in her will and devised said realty to the Townsends in fee simple with full power and authority to sell and

dispose of same as they saw fit, subject to a life estate devised to her husband. Treating the property as community, as we must, Mrs. Carter granted benefits to her husband. She gave him rights and interests in property of which he could have been legally deprived without his consent. She gave him all of the rent from the Moran property. She certainly had a right to deprive him of the rent on her community one-half thereof. She gave him all of the income from the homestead, providing that he might rent it and collect the proceeds as long as he lived. This permitted him to collect all the rent therefrom even though he should abandon the homestead. She gave him all of the money. She could have deprived him of her half. She gave him her interest in the family automobile. She could have deprived him, without his consent, of her half of all these things. It is undisputed that, after contesting her will, he accepted all the money in the bank and collected and appropriated all the rent from the Gorman realty by virtue of the gift of same to him in his wife's will. In this connection it is appropriate to continue the quotation from the Wright opinion.

"Paragraphs 2, 3 and 4 of the instant will by their terms dispose respectively of specific tracts of land 'in fee simple to dispose of as she' (or he) 'may wish or see proper' to each of the testator's two sisters and his ranch employee, James Oren Price. Such a disposition we have held to be open to no other construction than that the testator intended to include in the devise the community interest of the surviving spouse in the property as well as his own interest. Farmer v. Zinn [Tex. Com.App., 276 S.W. 191], Dakan v. Dakan [125 Tex. 305, 83 S.W.2d 620], Cheatham v. Mann [Tex.Civ.App., 133 S.W.2d 264], all supra.

"No less clearly did the will confer benefits on the respondent for example, paragraph 5[1] gives her a life estate in ' * * * all of my community one-

half' of 'all of the balance of my real estate which I now own and which I own at the time of my death * * *'; and paragraph 7[1] either gives her the testator's half interest in government bonds and other particular items of property or it is meaningless.

"The will thus requires an election."

◼ When Mr. Carter took all the money in the bank and all the rent from the Moran property, under and by virtue of the gift to him of her half under his wife's will, he received a benefit and elected to take under her will and he and his devisees were thereafter estopped to question any disposition Mrs. Carter made of the property in controversy. The applicable rule is stated in Dakan v. Dakan, 125 Tex. 305, 83 S.W. 2d 620, 626.

"The law does not permit the husband to devise either separate property or community property of the wife, without her consent; but if he attempts to do so, and she accepts under the will, as devisee, rights she would not otherwise be entitled to, she is estopped from questioning the disposition of her property upon the doctrine of election. Smith v. Butler, 85 Tex. 126, 19 S.W. 1083; Gilroy v. Richards, 26 Tex.Civ. App. 355, 63 S.W. 664; Rogers v. Trevathan, 67 Tex. 406, 3 S.W. 569; Chase [Chace] v. Gregg, 88 Tex. 552, 32 S.W. 520; Lee v. McFarland, supra [19 Tex.Civ.App. 292, 46 S.W. 281]; Speer's Marital Rights, § 323, p. 399.

"An election to take under a will may be shown by the person, put to an election thereunder, accepting the property given to him or her by the will. 39 C. J., § 2396, p. 1120, and authorities cited. In the case of Dunn v. Vinyard, Tex. Com.App., 251 S.W. 1043, 1046, which involved the doctrine of election under a will, Judge German in the course of the opinion said: 'An election means that a legatee or devisee under a will is put to the choice of accepting the beneficial interest offered by the donor

1. [See will note **1**, 274 S.W.2d 672.]

in lieu of some estate which he is entitled to, but which is being taken from him by the terms of the will. When by the express terms of the will the party is put to an election, he must make a choice regardless of the relative value of the two inconsistent rights. To uphold an election the compensating thing need not be of value equal to that taken away. Smith v. Butler, 85 Tex. [126] 130, 19 S.W. 1083.'"

 The doctrine of election is that he who accepts a benefit under a will must adopt the whole contents of the will insofar as it concerns him, conforming to its provisions and renouncing every right inconsistent with it. Miller v. Miller, 149 Tex. 543, 235 S.W.2d 624, 626. Mrs. Carter's will took from her husband his community half interest in the property and gave him something in lieu thereof to which he would not otherwise have been entitled, among other things, the rent from her half of the realty and her one-half of the money in the bank. It is contended that the money in the Eastland bank must be presumed to have been the separate property of Mr. Carter because it was deposited in his name. "The presumption concerning separate property status of bank accounts established by Art. 4622, Vernon's Tex.Civ.Stats.Ann., does not apply where the contest is between the spouses themselves or their successors." Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900, 907.

We conclude that Mrs. Carter, clearly and unequivocally, expressed an intention to dispose of all interest in the property in dispute. The fact that she believed it to be her separate estate and that she had a right to dispose of the entire interest therein, although plaintiffs now concede their inability to prove it was her separate property, lends support to the conclusion that she intended to devise the entire interest in the property. She thought it was all hers and she disposed of all of it by her will. We conclude that Mr. Carter accepted the benefits granted him in his wife's will and elected to take thereunder and that his devisees cannot now question her disposition of the property. See Bumpass v. Johnson, Tex.Com.

App., 290 S.W. 739; Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147; Baldwin v. Baldwin, 134 Tex. 428, 135 S.W.2d 92, 95; Lindsley v. Lindsley, 139 Tex. 512, 163 S.W.2d 633; Fairbanks v. McAllen, Tex. Civ.App., 170 S.W.2d 581, Writ Ref.; Edsall v. Hutchings, Tex.Civ.App., 143 S.W. 2d 700; Cheatham v. Mann, Tex.Civ.App., 133 S.W.2d 264; Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328 and Wicker v. Rowntree, Tex.Civ.App., 185 S.W.2d 150, Writ Ref.

The judgment is affirmed.