**L. E. ING, Appellant,**

v.

**Emma CANNON, Appellee.**

No. 7547.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 20, 1965.

Rehearing Denied Jan. 17, 1966.

Frank D. McCown, Dumas, for appellant, C. Ronald Gaines, Dumas, of counsel.

Guy Hardin, Shamrock, Royse & Meacham, Elk City, Okl., for appellee.

NORTHCUTT, Justice.

This is a statutory trespass to try title suit with a plea for petition of the south

one-hundred acres out of the southeast one-fourth (S.E.¼) of Section seventy-six (76), Block a-5 of the H. & G. N. Ry. Co. Survey of Wheeler County, Texas. The suit was originally brought by Emma Cannon against L. E. Ing. Emma Cannon died before the case was tried. After the death of Emma Cannon, her heirs, Bertha Rogers, Leo F. Smith, Alfred C. Smith, Henry Smith, and Jane Kimbrough, intervened in the suit and sought judgment for the title to an undivided one-half interest in and to the above-mentioned real estate which they contended was the property of Mae Ing. A jury having been waived, the case was tried before the court and upon conclusion of the presentation of the evidence, the court rendered judgment in favor of the heirs of Emma Cannon, granting them one-half of the above-mentioned property. From that judgment L. E. Ing perfected this appeal. Hereafter L. E. Ing, being the same person referred to here as Earl Ing, will be referred to as appellant; and the above-mentioned heirs of Emma Cannon as appellees.

It is undisputed that J. H. Ing and Mae Ing were married in the State of Oklahoma in 1914; that at the time of their marriage J. H. Ing owned a 40-acre tract of land in Oklahoma; that in 1917 they moved a house onto this tract and that they lived on it until 1932 at which time they moved to Elk City, Oklahoma, and resided for a time in the home of Emma Cannon who was Mae Ing's mother; that in 1932 the 40-acre tract in Oklahoma was traded in on a 100-acre tract of land in Texas and the title to the Texas land was taken in the name of J. H. Ing, which land is the subject of this controversy; that in addition to the 40-acre tract, as improved, a balance of a mortgage to the Federal Land Bank of Houston, Texas, in the amount of $1593.96 was assumed by J. H. Ing as part of the trade; that this mortgage was paid off in 1933; that J. H. Ing died in 1936; that the will of J. H. Ing was probated in the County Court of Beckham County,

Oklahoma; that Mae Ing elected to take under the will in Oklahoma; that there has been no administration or probate proceedings in the estate of J. H. Ing in the State of Texas; that Mae Ing and J. H. Ing had no children of their marriage; that J. H. Ing had one son, L. E. Ing, the appellant, and one daughter, Beulah Ing by a prior marriage and that he had no other children; that J. H. Ing and Mae Ing were at all times from 1914 to 1936 married and residents of the State of Oklahoma; that Mae Ing died intestate in the State of Oklahoma in January of 1963 and left as her sole and only heir Emma Cannon, her mother, who died in November of 1963, while this suit was pending.

J. H. Ing left a will in which he willed all his property whether community or not, both real and personal, to his wife, Mae Ing, subject to certain conditions thereafter set forth to occupy and collect the rents and profits therefrom as long as she might live. In the next paragraph of his will it is stated: "I give and bequeath unto my beloved son, Earl Ing, should he survive me and my said wife, the whole of the real property belonging to me at my death, subject only to the life estate hereinbefore devised to my wife * * *" In Paragraph Three of said will it further provides as follows:

"I further declare that the disposition of my property hereinbefore made in this will is made conditioned that my said wife take under this will and that in event she should elect to take under the law instead of under this will, I will and devise the whole of my said estate whether personal, mixed or real, no matter where located, subject only to the payment of my just debts, costs of administration, and the widows share, unto my beloved son, Earl Ing, if living * * *"

We are familiar with the rule that all property acquired in this state during the marital relationship shall be de-

termined community property of both unless the conveyance under which title was acquired contained language evidencing the intention that it should be the separate property of one or the other of the spouses. It is also true that as to land situated in Texas the laws of this state will control the nature of the property rights acquired by non-resident persons. Roswurm v. Sinclair Prairie Oil Co., Tex.Civ.App., 181 S.W.2d 736 (writ refused wm.).

It is admitted by appellees that Mae Ing elected to take under the will of J. H. Ing which was probated by her in the State of Oklahoma. The proof also shows Mae Ing elected to take under the will of her husband, J. H. Ing. At all times pertinent to the matters here involved Oklahoma was a common law state and that all property and earnings of the husband during marriage was the separate property. The election of Mae Ing to take under the will in Oklahoma is operative as to the land in Texas. Huston v. Colonial Trust Co., Tex. Civ.App., 266 S.W.2d 231 (N.R.E.).

Since Mae Ing took under the will of J. H. Ing, we think the sole matter to be here determined is one of law, to-wit: whether the will is open to no other construction than that J. H. Ing intended to dispose of the property (community interest) of Mae Ing as well as his own community half. Any interest the appellees might have in the property here involved depends upon what interest Mae Ing had at the time of her death. It is stated in Wright v. Wright, 154 Tex. 138, 274 S.W. 2d 670 as follows:

"If the will does not dispose of property of the beneficiary, the latter is not put to an election, but may simply take what the will gives and also take his or her own community half interest. On the other hand, if the will disposes of property of the beneficiary and at the same time gives the latter some 'benefit', however small, the beneficiary cannot take the benefit under the will without accepting also the disposition it makes of his or her own property. In the latter case, where a community interest is involved, the beneficiary must accordingly elect between taking under the will, with consequent loss as well as benefit, and, on the other hand, repudiating the will and taking only his or her community half interest independently of the will. In determining whether the will disposes of property of the beneficiary, the rule is, of course, that it does not so dispose unless it is 'open to no other construction.' Avery v. Johnson, 108 Tex. 294, 192 S.W. 542, 544. See also Rogers v. Trevathan, 67 Tex. 406, 3 S.W. 569; Smith v. Butler, supra [85 Tex. 126, 19 S.W. 1083]; Schelb v. Sparenberg, 133 Tex. 17, 124 S.W.2d 322; Baldwin v. Baldwin, 134 Tex. 428, 135 S.W.2d 92; Sailer v. Furche, Tex.Com.App., 22 S.W.2d 1065; Farmer v. Zinn, Tex. Com.App., 276 S.W. 191. And for construction purposes, the will in its entirety must be looked into. Sailer v. Furche, supra; Cheatham v. Mann, Tex.Civ.App., 133 S.W.2d 264, writ of error refused. If the will is open to a different construction, that is, if it is ambiguous to this or a greater degree on the point, then, as a matter of law, the beneficiary is not required to elect, since as a matter of law his or her property is not disposed of by the will. This is the rule of all the decisions hereinabove cited."

See also Daken v. Daken, 125 Tex. 305, 83 S.W.2d 620, where it is stated:

"The law does not permit the husband to devise either separate property or community property of the wife, without her consent; but if he attempts to do so, and she accepts under the will, as devisee, rights she would not otherwise be entitled to, she is estopped from questioning the disposition of her property upon the doctrine of election. Smith v. Butler, 85 Tex. 126, 19 S.W. 1083; Gilroy v. Richards, 26

Tex.Civ.App. 355, 63 S.W. 664; Rogers v. Trevathan, 67 Tex. 406, 3 S.W. 569; Chace v. Gregg, 88 Tex. 552, 32 S.W. 520; Lee v. McFarland, supra [19 Tex.Civ.App. 292, 46 S.W. 281]; Speer's Marital Rights, § 323, p. 399."

 The law presumes that a testator intends to dispose of only his own property and the testamentary instrument will not be construed to dispose of property not owned by the testator unless that result is indicated by clear and unequivocal language which leaves the will open to no other construction. Davis v. East Texas Savings & Loan Ass'n, 163 Tex. 361, 354 S.W.2d 926 and the cases there cited.

 We are of the opinion, and so hold, that the will here in question clearly attempted to dispose of his interest in the property here involved as well as the interest of his wife by giving her a life estate in all of their real property. The appellant, Earl Ing, under the terms of the will was bequeathed the real estate here involved subject only to the life estate devised to Mrs. Ing. Since J. H. Ing sought to devise the community property of his wife and sought to give her a life estate in his community property, she had the right to make an election. She could take a life estate in all the property or take her community property. She elected to take under the will and if living would have been estopped from questioning the disposition of her property under the doctrine of election. Mrs. Ing, having elected to take a life estate under the will and having died, there was no interest for the appellees to receive. Judgment of the trial court is reversed and here rendered that appellees, Bertha Rogers, Leo F. Smith, Alfred C. Smith, Henry Smith, and Jane Kimbrough, recover nothing by their suit.

Judgment of the trial court is reversed and rendered.